## KALIHILIHI (w) *et al. vs.* KAINA.

EXCEPTIONS FROM CIRCUIT COURT, THIRD JUDICIAL CIRCUIT.

APRIL TERM, 1885.

JUDD, C. J.; McCULLY AND AUSTIN, JJ.

A document held to be a deed and not a will, the intent being that the property should pass to the grantee immediately, notwithstanding the use of the word "devise" (hooilina).

Exceptions overruled.

OPINION OF THE COURT, BY JUDD, C. J.

THIS is an action of ejectment, tried at the November Term, 1884, of the Circuit Court of the Third Judicial Circuit, to recover possession of land at Hilo, Hawaii, granted to one Kaulua by Royal Patent No. 2,480.

The bill of exceptions shows that plaintiffs put in evidence the Royal Patent, and proof that the patentee died intestate, and that plaintiffs were his heirs at law, and rested; defendant's possession and demand and refusal being admitted.

Defendant put in evidence of twenty years' adverse possession, also introduced in evidence an instrument whereto said patentee Kaulua and defendant were parties, a translation of which is as follows:

[STAMP.]

" Know all men by these presents that I, Kaulua, of the Island of Hawaii, Hawaiian Islands, concerning my Kuleana, in the Ahupuaa' of Ponahawai, Hilo, Hawaii, make known by these presents that I have given, upon consideration, have devised (hooilina), and by these presents I do devise (hooilina) and firmly

bind over (hoopaa loa) to Kaina, and his heirs and grantees, all my rights, foundation rights, right of property in, residence and right of residence, entering upon and right of entering upon, boundaries and right to the boundaries, in this piece of land described as follows : On the north is Naliiwahine's premises, on the east is Hauna pond, on the south Hiona's premises, on the west the Government road. Together with everything appertaining or that may hereafter belong to it ; the houses and everything else that may be built upon it, and all things necessary to it, the water, the trees, the stones, highways, the paths of ingress and of egress, roads from it, and all the appurtenances. To have and to hold this Kuleana piece of land of mine mentioned above, to Kaina and to his heirs and grantees.

" And in testimony of the above I hereby sign my name and seal this 30th day of July, in the year of the Lord one thousand eight hundred fifty-one.

|  |  |  |
|---|---|---|
|  |  | his |
| [SEAL.] |  | " KAULUA X |
| " To Kaina. |  | mark. |

" Ponahawai, Hilo, Hawaii.

" Eye witnesses :

" WILLIAM MOMONA,
" PUAA,
" KALAKUAIOHO,
" PELEULA."

Defendant claimed that the same was a deed of the land in question from the patentee to the defendant. Evidence was offered to prove the signatures of witnesses thereto, and defendant's counsel requested leave to read the paper to the jury. The Court ruled that said instrument was a deed, and admitted evidence as to its genuineness, and allowed it to be put in evidence and read to the jury. Plaintiffs excepted to said ruling, claiming that said instrument was a will.

The Court charged the jury that said paper was a deed, and not a will, and that defendant was entitled to a verdict, if the jury found from the evidence that the same was genuine, followed by possession under it. The jury returned a verdict for the defendant.

The question raised is whether the instrument is a deed or a will. Washburn, following Lord Coke, defines a deed to be " a writing containing a contract sealed and delivered by the party thereto." 2 Wash. R. P., 553. "A deed takes effect from delivery," *id.*, 578. " A will is a disposition of real and personal property, to take effect after the death of the testator." 4 Kent Com., 500.

We find no words in the instrument indicating that it should take effect and vest in the alienee only after the death of the signer.

It is a peculiarly worded instrument, drafted over thirty-four years ago by a Hawaiian, and .contains in the description of the estate to be conveyed many particulars which are redundant and unnecessary, but many of these particulars show decidedly that the estate was to vest immediately. The grantee is to have the " right of residence " upon the land, ingress to it and egress from it. These rights, which vested on the delivery of the instrument, are inconsistent with the idea of a testament which has no effect until after the death of the testator, he having the use of his property meanwhile.

But it is contended that the use of the word " hooilina," which ordinarily means, when used as a verb, " to devise," is appropriate to a will, as a " hooilina " means a " devisee," *i. e.*, one to whom something has been left, as anciently among the Hawaiians property passed to the heir by oral wills. The word also means an " heir." From its etymology and received usage it also means, when a verb, to " put upon " or " pass over to," and in its connection may not mean to *devise* in the sense to pass to one after the death of the deviser.

But the word " give " (haawi) is also used in the instrument in connection with the word " hooilina." Here again Lord Coke says, " If one by deed give lands to another and to his heirs, without saying anything more, and put his seal to it, and make delivery where it is necessary, it is good." 2 Wash. R. P., 611.

We should not be willing to hold that this paper was a will solely because the word " devise " is used, when the whole tenor and effect of it shows the intention of the grantor to pass the

land to the grantee immediately. The deed was delivered and was followed by possession for over twenty years.

We overrule the exceptions.

*Kinney & Peterson,* for plaintiffs.

*E. Preston,* for defendant.

Honolulu, April 27, 1885.